[Civil No. 323.   Filed January 25, 1893.]

## TERRITORY OF ARIZONA, Appellee, v. THE DELINQUENT TAX-LIST OF THE COUNTY OF YAVAPAI FOR THE YEAR 1889.   Appeal of John C. De la Vergne.

TAXES AND TAXATION — PUBLIC LAND — VALENTINE SCRIP — 17 U. S. STATS. AT LARGE, 649, CITED AND CONSTRUED.—Public land, selected by the owner of Valentine scrip, issued pursuant to statute, *supra*, is subject to taxation under the tax-laws of the territory, as after selection the United States is but a mere depositary of the title and a trustee for the owner of the scrip.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yavapai. Henry C. Gooding, Judge.   Affirmed.

The facts are stated in the opinion.

Wilson & Norris, for Appellant.

J. C. Herndon, Attorney-General, for Appellee.

KIBBEY, J., speaking for the Court.

The court below rendered judgment against a forty-acre tract of land owned by La Vergne for the taxes for 1889, amounting to $221.50.

La Vergne appeals, and here insists that the land in question is not subject to taxation.

In pursuance of the act of Congress of 1872, entitled "An act for the relief of Thomas B. Valentine" (17 Stats. at Large, sec. 649), the commissioner of the general land office issued Valentine scrip.   By the act this scrip entitled Valentine or his legal representatives to appropriate the quantity of unoccupied and unappropriated public land mentioned in the scrip.   The scrip was issued for legal subdivisions of the public survey presumably in forty-acre tracts.

The act provides that the claimant (Valentine) or his legal representatives might select and should be allowed patents for an equal quantity (that is, equal to the quantity of a certain Mexican grant, in lieu of which the scrip was issued) of the

unoccupied and unappropriated public lands of the United States, not mineral, and in tracts not less than the subdivisions provided for in the United States land laws, and if unsurveyed when taken to conform when surveyed to the general system of the United States land surveys.

La Vergne became the owner of certain of the Valentine scrip enabling him to select forty acres of land. He selected the forty acres, upon which the disputed tax was levied, out of unsurveyed lands. He or his legal representatives will be entitled without any further act upon his or their part to a patent to that forty acres, subject, possibly, to a shifting of his boundary-lines to make them conform to the United States survey when that shall be made.

Subject to that possible shifting of boundary-lines, he is now the owner of that forty acres. It is the subject of grant by himself, of mortgage, and may be taken upon execution against him.

The legal title, it is true, is yet in the United States, but the United States is the mere depositary of the title, and but a trustee. No right of the United States remains in or to the land, and none could be divested by sale for taxes or by any other sale. The enforcement by the territory of its tax lien in no wise interferes with the summary disposal by the United States of its public lands. It seems to us clearly subject to taxation.

The judgment will therefore be affirmed.

Gooding, C. J., and Sloan, J., concur.